UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KMF SERVICES, LLC, etc., et al.,

        Plaintiffs,

v.                             CASE NO. 3:24-cv-633-WWB-SJH

SHIFT4 PAYMENTS, LLC, etc., et al.,

        Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Plaintiffs' Renewed Motion for Leave to Amend Plaintiffs' First Amended Verified Complaint and to Amend Plaintiffs' Motion for Preliminary Injunction ("Motion"), Doc. 56, and the response in opposition thereto ("Response"), Doc. 57. For the reasons herein, the Motion is **granted in part** to the extent stated herein.

Plaintiffs have previously amended their pleading once as a matter of course and do not have Defendants' written consent to amend. Thus, they may amend their pleading only with leave of the Court. *See* Fed. R. Civ. P. 15. Rule 15 of the Federal Rules of Civil Procedure ("Rule(s)") provides that the Court "should freely give leave when justice so requires." *Id.*

Under Rule 15, a court must "freely give leave to amend unless there is an 'apparent or declared reason' to do otherwise"; such reasons can include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, futility of amendment, etc.'" *Novo Nordisk, Inc. v. Live Well Drugstore, LLC*, No. 3:23-cv-808-TJC-PDB, 2024 WL 3345334, at *1 (M.D. Fla. July 9, 2024) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also My Energy Monster, Inc. v. Gawrych*, No. 8:20-cv-2548-MSS-AEP, 2021 WL 2964065, at *1 (M.D. Fla. Mar. 25, 2021). This is a liberal standard. *See Novo Nordisk,* 2024 WL 3345334, at *1. It embodies a strong public policy favoring amendments. *See Real Est. Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-cv-1045-ORL-GJK, 2012 WL 12903886, at *2 (M.D. Fla. Feb. 16, 2012).

Applying the liberal standard for amendment, the Motion is due to be granted to the extent that Plaintiffs seek to amend their pleading. *See Novo Nordisk,* 2024 WL 3345334, at *1. Defendants argue against amendment primarily based on alleged futility. *See* Doc. 57 at 4-15. Defendants contend that the proposed amended pleading fails mostly for the same reasons set forth in their pending motion to dismiss the existing pleading. *See id.*; *see also* Doc. 36.

The Court need not reach such issues on futility at this time. These matters are better addressed on a renewed motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment. *See Novo Nordisk,* 2024 WL 3345334, at *1 ("This order makes no ruling on futility—a matter better addressed with adversarial briefing on a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment."); *see also Fruits-Giddings S.A. de C.V. v. Always Fresh Farms, LLC*, No. 8:20-cv-2875-MSS-TGW, 2021 WL 12299456, at *2 (M.D. Fla. Nov. 29, 2021)

("Leave to amend is also justified under Rule 15. Counterclaim-Defendants raise a futility argument in opposition …. However, the Court finds that this argument would be more appropriately addressed in a renewed motion to dismiss or a motion for summary judgment."); *Gawrych*, 2021 WL 2964065, at *2 (allowing amendment and explaining defendant's "arguments raise issues that would more appropriately be addressed in a renewed motion to dismiss"); *Real Est. Indus. Sols.*, 2012 WL 12903886, at *2 (allowing amendment and concluding "issues of pleading sufficiency … are better dealt with in fully briefed motions to dismiss or motions for summary judgment").

Defendants also argue undue prejudice. *See* Doc. 57 at 16-19. But that argument itself is based in large part on alleged futility grounds. *See id.* at 16-17. No such prejudice is undue, as Defendants are free to reassert and/or supplement their futility arguments in a rewed motion to dismiss or other dispositive motion. *See Novo Nordisk*, 2024 WL 3345334, at *1 ("[Defendant] has not shown undue prejudice; in responding to the amended complaint, [it] can reassert arguments already made [in a pending motion to dismiss]."); *see also Gawrych*, 2021 WL 2964065, at *2; *Real Est. Indus. Sols.*, 2012 WL 12903886, at *2.

Moreover, Plaintiffs have amended their pleading only once and that was before service of the initial pleading on, or appearance by, any defendant. *See* Doc. 6. This action is in a relatively early stage, with more than eight months remaining for discovery and well over a year before trial. *See* Doc. 38; *see also Fruits-Giddings S.A. de C.V.*, 2021 WL 12299456, at *2 (finding no undue prejudice in allowing amendment with less time than here before trial and close of discovery); *Gawrych*, 2021 WL

3

2964065, at *2 (same).

Nor is undue prejudice otherwise apparent from Defendants' arguments. *See, e.g.*, *Wilson v. Badcock Home Furniture*, No. 8:17-cv-2739-T-33AAS, 2018 WL 11319237, at *2 (M.D. Fla. Mar. 6, 2018) (holding amendment to allow addition of class allegations was not unfairly prejudicial because it was not offered shortly before trial and because "an increase in the case's complexity and expense is not necessarily undue prejudice"); *United States v. 34 Luxury Vehicles*, No. 2:13-cv-793-FTM-38CM, 2014 WL 12618181, at *2 (M.D. Fla. Aug. 20, 2014) ("Claimants' argument that the additional legal theory will cause this case to be more difficult to litigate and defend does not demonstrate undue prejudice. Claimants have not shown that they will lose the defenses they have asserted … by allowing the amendment."); *see also Diversey, Inc. v. Pops Techs., LLC*, No. 1:18-cv-04210-AT, 2019 WL 11003292, at *6 (N.D. Ga. Nov. 13, 2019) ("The fact that a defendant will have to litigate the additional claims … is not the type of prejudice encompassed in the Rule 15 inquiry.").

For these reasons, and applying the liberal standard of Rule 15, Plaintiffs' request to file a second amended complaint is due to be granted. As such, the pending motion to dismiss and motion for preliminary injunction directed to the current pleading are due to be denied without prejudice as moot. *See Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Smith v. Fla. Agric. & Mech. Univ. Bd. of Trustees*, No. 6:24-cv-457-PGB-RMN, 2024 WL 4111192, at *1 (M.D. Fla. Sept. 6, 2024) (explaining denial as moot of prior motion for preliminary injunction where

4

plaintiff was granted leave to file amended pleading); *Novo Nordisk*, 2024 WL 3345334, at \*\*1-2 (denying as moot motion to dismiss where plaintiff was granted leave to file amended pleading); *see also Ramdeo v. Becerra*, No. 5:24-cv-359-MMH-PRL, 2024 WL 4132316, at \*2 (M.D. Fla. Sept. 10, 2024); *Chianne D. v. Weida*, No. 3:23-cv-985-MMH-LLL, 2024 WL 245804, at \*1 (M.D. Fla. Jan. 23, 2024).

Therefore, the request in the Motion to amend the pending motion for preliminary injunction is also moot. Any motion to dismiss, motion for preliminary injunction, or other appropriate motion, may be filed in accordance with applicable law and the Rules, directed to the operative second amended complaint.

Accordingly, it is **ORDERED**:

1.    Plaintiffs' Motion (Doc. 56) is **granted in part** to the extent that Plaintiffs shall file their second amended complaint on or before **January 8, 2025**.

2.    Plaintiffs' pending motion for preliminary injunction (Doc. 7) and Defendants' pending motion to dismiss (Doc. 36) are each **denied without prejudice as moot.**

**DONE AND ORDERED** in Jacksonville, Florida, on December 27, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record